## Arlotta et ux. v. McCauley, Administratrix

Before Evans, P. J., McCann and McKenrick, JJ.

*Frank P. Barnhart*, for plaintiffs.

*Harry J. Nesbit* and *Charles C. Greer*, for defendant.

EVANS, P. J., February 23, 1931.—An affidavit of defense raising a question of law as to the sufficiency of the service of a summons in this case was filed by the defendant. From the declaration filed in this case, it appears that the plaintiffs are residents of the City of Johnstown; that on August 13, 1930, Harry E. McCauley was driving a loaded truck down Frankstown Hill into the City of Johnstown; that by reason of the negligent driving of the said Harry E. McCauley, the truck was driven into the plaintiffs' building and considerable damage done, as well as personal injuries sustained; and that McCauley was killed in the collision. It also appears that letters of administration on the estate of Harry E. McCauley were taken out in Sussex

County, Delaware, indicating the place of residence of the deceased in that state at the time of the accident. It appears from the argument that the service upon defendant, the administratrix of the said Harry E. McCauley, was undertaken under the provisions of the Act of May 14, 1929, P. L. 1721, section 2. Two questions are raised: First, that the act of assembly, or at least the section under which the service was attempted, is unconstitutional; and, second, that even though constitutional, it contains no provision for service in a case such as the present.

The act referred to provides for the service of process in civil suits on nonresident operators or nonresident owners of motor vehicles operated within the State of Pennsylvania, and makes the operation of such a vehicle on the Pennsylvania highways the equivalent of the appointment of the Secretary of Revenue as the agent of the said nonresident upon whom civil process may be served, and provides for notice to the defendant. The second section provides that the "process shall be served, by the officer to whom the same shall be directed, upon the Secretary of Revenue of the Commonwealth of Pennsylvania, by leaving at the office of said secretary, at least fifteen (15) days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy, with an endorsement thereon of the service upon said Secretary of Revenue, addressed to such defendant at his last known address." The return in this case shows service undertaken in accordance with the provisions of the act above referred to. The constitutionality of the act we do not feel called upon to determine at this time, for the reason that we are of the opinion that the act does not apply to the present case.

The contention of the defendant on the second question is that this act makes the Secretary of Revenue of the Commonwealth of Pennsylvania the agent of any person, resident of another state, who may drive or own a motor vehicle driven on the Pennsylvania highways, and that, such an agency being created, it is necessarily terminated by the death of the principal party. No decision of any Pennsylvania court on this particular question has been called to our attention, nor have we found any, but counsel for defendant cites several cases which would seem to us to sustain the principle for which he stands. In the case of Hunt v. Rousmanier's Admin'rs, 8 Wheat. 174 (1823), Mr. Chief Justice Marshall, speaking for the court, among other things, said: "This general doctrine, that a power must be executed in the name of a person who gives it, a doctrine founded on the nature of the transaction, is most usually engrafted in the power itself. . . . It is necessary that this bill of sale should be in the name of Rousmanier; and it would be a gross absurdity that a deed should purport to be executed by him, even by attorney, after his death; for the attorney is in the place of the principal, capable of doing that alone which the principal might do.

"This general rule, that a power ceases with the life of the person giving it, admits of one exception. If a power be coupled with an 'interest,' it survives the person giving it, and may be executed after his death." (Page 203.) In the present case there is no contention that there is any such interest as would make an exception to the general rule.

It is hardly necessary to cite authority to the effect that an agency created by a formal power of attorney dies with the maker, but such principle is found in Yerkes's Appeal, 99 Pa. 401, 408.

The act now before us for consideration distinctly states that any nonresident operator or owner of a motor vehicle who accepts the privilege extended under the laws of this state to nonresident operators and owners of operat-

ing motor vehicles or having the same operated within this state, "shall, by such acceptance, and by the operation of such motor vehicle within the Commonwealth of Pennsylvania, make and constitute the Secretary of Revenue of the Commonwealth of Pennsylvania his, her, or their agent for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Pennsylvania against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within the Commonwealth in which such motor vehicle is involved." This language clearly provides for the creation of an agency, and it is not different from an agency created by power of attorney or any other method whereby one becomes the agent with authority to act for another, and such an agency, unless coupled with an interest, ceases and ends with the death of the principal.

We are unable to conceive that it would be urged that a service could be made upon the executor or administrator of a decedent under the provisions of the Act of July 9, 1901, P. L. 614, by any of the methods therein provided for service upon one who is in fact made by the act an agent for the party, who, in his lifetime, was liable to suit.

After a careful consideration of the matter, we are of the opinion that the Act of 1929, now under consideration, is one creating an agency, and that agency must necessarily cease upon the death of the principal. Therefore, the service undertaken in this case is without authority of law and must be set aside and stricken off.

### Decree

And now, February 23, 1931, after due consideration, the statutory demurrer filed on the part of the defendant attacking the service of the writ of summons is sustained and the service is set aside and stricken off.

From Henry W. Storey, Jr., Johnstown, Pa.